Millard L. Midoniok, J.
A bigamous ceremonial marriage between the parties on November 25,1965, performed within the State of New York by a minister, is conceded.
At the time of said ceremony, petitioner was still married to her then husband who was living.
Only child support is here involved; petitioner claims both children herein are entitled to support under section 417 as well as section 413 of the Family Court Act.
A full trial was conducted, but petitioner was the only witness examined.
The novelty of the present case lies in the conflict between the strong presumption that any children born to a married woman are the children of her husband, and the opposing statutory rule that the man who is the putative and natural father of the chil *462 dren (he was living during both conceptions in a “ common law ” relationship with this married woman) and who later concluded an invalid ceremonial marriage with her, is ‘ ‘ deemed ’ ’ the father of the children conceived during the time that the parties were living as though they were man and wife, and that such children are “deemed” his “legitimate” children (Family Ct. Act, § 417).
The respondent contends that all the reported cases under section 417 involve, factually, children born after the invalid marriage. Contrary to this view, the language of section 417 applies literally to children born before an invalid marriage, as happened in this case at bar.
Moreover, respondent’s attorney claims that section 417 of the Family Court Act cannot and should not be interpreted to establish paternity upon a respondent when the children involved were born during the time of a prior-existing marriage of petitioner mother, unless nonaccess can be satisfactorily proved between petitioner mother and her then husband at the times of conception of these two children.
Despite respondent’s further contention, an article 5 paternity proceeding is totally unnecessary in this situation, whether petitioner prevails or respondent prevails.
My finding of nonaccess by petitioner’s former husband,* throughout the periods of conception of her two youngest children here involved, is based upon cogent testimony of petitioner uncontradicted by any other testimony. Not only was she living in a household relationship with respondent, called a ‘ ‘ common law ” one, but their occasional “ separations ” aggregating three weeks per year are nowhere synchronized with the time of conception of either child, nor is there any evidence that the vast gulf of estrangement between the Bronx-resident petitioner and the Newark-resident former and then husband was ever bridged sexually for years before and after the conception of both children herein. That gulf of estrangement and nonaccess was emphasized by an interstate proceeding (Uniform Support of Dependents Law; Domestic Relations Law, art. 3-A) against the former husband by the petitioner existing throughout the critical periods of conception herein for the support of three older children of the former marriage who are half-siblings of the two younger children involved herein.
This ease illustrates the strange situation where children born to a married woman living with a paramour who later invalidly marries ceremonially (and bigamously) the already-married *463 mother, are presumed to be the children of both fathers — the husband because he was the husband of their mother, and the putative and natural father because he later ceremonially married their mother. Thus the reason for the age-old presumption of legitimacy is weakened in this case, because these children are “ deemed ” legitimate whichever man is found to be their father.
And the statutory command of section 417 of the Family Court Act is not merely to make them legitimate children of any father, but to make them legitimate children of their true fathers
“ 417. Child of ceremonial marriage.
“ A child born of parents who at any time prior or subsequent to the birth of said child shall have entered into a ceremonial marriage shall be deemed the legitimate child of both parents for all purposes of this article regardless of the validity of such marriage.” (Italics added.)
On the basis of section 417 and the above findings, which include that respondent did marry petitioner, invalidly, after the birth of these two younger children as proved by respondent’s own Exhibit “ A ”, a certificate of marriage, and on the basis of such continued sexual activity between petitioner and respondent before, during and after the conception of these two children, and their living together which itself made access by petitioner’s former husband highly unlikely, difficult and possibly even dangerous since petitioner had respondent living in her home every night during the critical periods of conception, I find that both children herein are, by the command of section 417 and by clear and convincing evidence, none other than the children of respondent.
However, since respondent is entitled, on the basis of the facts set forth, to the infinitesimal possibility of excluding himself as the father by scientific exclusion in blood grouping tests, he is hereby given leave under section 418 to follow those medical procedures, and if either child is excluded, on motion, the support of that child will be discontinued. Both blood grouping tests shall be at public expense.
The fact is that petitioner was legally married to a living man other than respondent with whom she was obviously living sexually in the same household at the time of conception of both children herein, and the fact is that respondent subsequently invalidly married petitioner while she was still not free to marry; but, mindful that her lawful husband was living during the periods of conception within communting distance of the mother, I am led to the inescapable conclusion that my discretion to order blood grouping tests under section 418 of the Family Court Act would be abused if I denied such an availability to respondent if *464 he wishes it. Even though respondent had not asked until trial for a blood grouping test, he is hereby given leave to obtain one for each child in issue here, and this opportunity he now wishes to avail himself of.
Order of support is temporarily continued subject to cancellation of arrears if justice so appears. Accounts and Records are to pay all moneys to the Department of Social Services.
Adjourned to May 19, 1971 for final order of support, and to consider if blood grouping tests exclude either child, despite the finding herein under section 417 establishing the legitimacy of both children as those of the respondent who was never validly married to this petitioning mother, subject however to blood grouping tests.
Transfer entire proceedings to Family Court, Bronx County, for final order of support for two children only (§ 417).

 There was a divorce But it came months too late to free the petitioner for her invalid marital ceremony to the respondent herein.